UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA KENNEDY | § | PLAINTIFF |
| | § | |
| V. | § | CAUSE NO. 1:09cv254-LG-RHW |
| | § | |
| BAE SYSTEMS INFORMATION | § | |
| TECHNOLOGY, INC. | § | DEFENDANT |

## ORDER DENYING MOTION TO DISMISS

BEFORE THE COURT are Defendant BAE Systems Information Technology, Inc.'s Motion to Dismiss [6], or in the Alternative, for Summary Judgment [8]. *Pro se* Plaintiff Patricia Kennedy filed this action under Title VII, Section 1981, and state law for the alleged retaliatory termination. BAE argues (1) that process was insufficient, (2) the claims are untimely, and (3) her termination was part of a prior settlement agreement. The Court has considered the parties' submissions and the relevant legal authority. The motions are denied. Because service of process was insufficient, Kennedy shall have until March 25, 2010, to effect service of process.

## FACTS AND PROCEDURAL HISTORY

On April 3, 2009, Kennedy filed this lawsuit. On May 15, she had two summonses issued to BAE–one in care of its registered agent C.T. Corporation, and one in care of BAE's attorney Raymond Baldwin, Esquire, in Washington, D.C. The first summons was mailed, via certified mail, return receipt requested to C.T. Corporation, which received the summons on May 18. She was unable to deliver the second "because of incomplete address." (Dkt. 4 at 2).

Therefore, on June 2, she had the second summons reissued to BAE in care of Baldwin, at a more specific address. On June 8, BAE filed the present motion to dismiss. On June 19,

Kennedy represented that she was unable to serve this alias summons, because the "post office misplaced summons." (Dkt. 11 at 2).

A second alias summons was issued to BAE Systems in care of C.T. Corporation on June 30. This was served via Express Mail and received by C.T. Corporation on July 2. Kennedy filed a Notice of Service indicating that this mailing included the summons, Complaint, two copies of the Waiver of Service, prepaid envelope to return the Waiver, two copies of the Notice and Request for Waiver, and two copies of the "Duty to Avoid Unnecessary Costs of Service of Summons." (Notice of Service at 5).

On July 10, Kennedy then filed her Response to the present motion and indicated the latter service attempt. On July 20, BAE filed its Rebuttal, but did not further address the service of process issue. Instead, two days later, BAE filed the identical motion at Docket Entry 24[1], because "Plaintiff has re-served BAE System with her original complaint, [and] out of an abundance of caution, BAE System is re-filing its Motion to Dismiss, or in the Alternative for Summary Judgment." (2d Mot. to Dismiss at 1 n.1). This motion, being identical, did not directly address Kennedy's prior arguments on service of process.

## DISCUSSION

First, BAE challenges the manner in which it was served with process, because she "has not attempted to obtain a waiver of service" and she "failed to enclose the requisite Notice and Acknowledgment to effect service of process by mail under Mississippi law." (Def.'s 1st Mem. to Dismiss at 13). Kennedy responds BAE's registered agent was served, by mail, with a Summons, Complaint, and two copies of the Waiver of Service.

---

[1] The Court hereby denies this second motion to dismiss as duplicative.

Kennedy has the burden of proving the validity of service of process. *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990). She may either obtain a waiver of process from BAE or serve it with process as provided in the rules. Fed. R. Civ. P. 4. "Unless . . . the defendant's waiver has been filed," service may be effected "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1). This Court is located in Mississippi, and service was attempted in Mississippi. Service may also be effected under federal law:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires, by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(B). Under Mississippi law, the plaintiff may serve a foreign corporation by mail in one of two ways. The first is by mailing a copy of the complaint, summons, and "two copies of a notice and acknowledgment substantially conforming to Form 1-B," and a return prepaid envelope upon the corporation's officer, manager, general agent, or agent for service of process. Miss. R. Civ. P. 4(c)(3). The second manner is by sending to "a person outside this state" a copy of the complaint and summons by certified mail, return receipt requested. Miss. R. Civ. P. 4(c)(5). The Court will examine each service in turn to determine whether it was sufficient.

The first summons was addressed to BAE in care of its registered agent located in Flowood, Mississippi. This was mailed via certified mail and was received on May 18. It is undisputed that it was unaccompanied by a notice and acknowledgment. Therefore, it did not

3

comply with Mississippi Rule 4(c)(3). It was made on a person inside the state, therefore, a notice and acknowledgment was required if service was to be perfected by mail. Neither Federal Rule 4(e)(1) nor (h)(1) provide for mail service. Therefore, service did not comply with the Federal Rules.

The second and third summonses addressed to BAE in care of its attorney were never delivered at all.

The fourth summons was again addressed to BAE in care of it registered agent, C.T. Corporation. This was mailed first class, express mail. It contained the summons, complaint, and two copies of the waiver of service forms, with two requests for waivers of service and two notices that failure to waive service could make the defendant liable for subsequent costs of service. A corporation like BAE "that is subject to service under [Federal] Rule 4(e) . . . or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). If the waiver is not returned, the plaintiff must still effect service of process. Fed. R. Civ. P. 4(h). This waiver was never returned, so the Court must still consider whether the fourth summons was sufficiently served.

The notice and acknowledgment required by Mississippi Rule 4(c)(3) need only "substantially comply with Form 1-B." Form 1-B's Notice and Acknowledgment is nearly identical to the waivers which Kennedy mailed. The only difference is that she gave BAE sixty days in which to return the form, as opposed to the only twenty days provided by Mississippi Rule 4(c)(3). Therefore, the Court finds that the Waiver she sent substantially complied with Form 1-B. However, "[i]f no acknowledgment of service . . . is received by the sender within 20

days . . . service may be made in any other manner permitted by this rule." Miss. R. Civ. P. 4(c)(3)(B), (D). In other words, "to accomplish service of process by mail [under Mississippi Rule 4(c)(3)], the defendant must return a properly executed acknowledgment to the plaintiff." *Tucker v. Williams*, 7 So. 3d 961, 964 (¶12) (Miss. 2009). It is undisputed that neither BAE nor its registered agent returned the waivers to Kennedy. Therefore, the fourth service attempt remains insufficient under Mississippi Rule 4(c)(3). Because it was not sent through certified mail and for the reasons discussed with the previous attempts, it was not effective under Mississippi Rule 4(c)(5) either.

If service is not made within 120 days after the complaint is filed, the court "shall dismiss the action without prejudice to the plaintiff as to that defendant or direct that service be effected within a specified time." FED. R. CIV. P. 4(m). The Court may grant the extension of time, in its discretion, whether or not good cause is shown by the plaintiff. *Henderson v. United States*, 517 U.S. 654, 662-63 (1996); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). To establish good cause, Kennedy must demonstrate at least excusable neglect. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). This does not include simple inadvertence, mistake, or ignorance of the law. *Id.*

Kennedy timely attempted service of process through both Federal Rule of Civil Procedure 4(d) and Mississippi Rule of Civil Procedure 4(c)(3). BAE did not return the waivers of process, which also serve to "substantially comply" with the notice and acknowledgment requirement of the Mississippi Rules of Civil Procedure. The parties then disputed whether process was sufficient.

Given the procedural history of this case, the Court finds good cause to grant an extension

5

of time to effect service of process. Therefore the motion to dismiss is denied at this time. Kennedy shall have until March 25, 2010, in which to effect proper service of process upon BAE systems. She is cautioned that failure to comply with this Order may result in dismissal of her lawsuit.

Because process was insufficient, the Court need not consider BAE's arguments under Rule 12(b)(6) or Rule 56 at this time. Therefore, these motions are denied without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Defendant BAE Systems Technology, Inc.'s Motion to Dismiss, or Alternatively for Summary Judgment [6, 8] should be and is hereby **DENIED** at this time. Kennedy has until March 25, 2010, to serve BAE with process.

**IT IS FURTHER ORDERED AND ADJUDGED** that BAE's second Motion to Dismiss, or Alternatively for Summary Judgment [24] should be and is hereby **DENIED** at this time.

**SO ORDERED AND ADJUDGED** this the 23rd day of February, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE