## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PATRICIA KENNEDY** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **CAUSE NO. 1:09cv254-LG-RHW** |
| | § | |
| **BAE SYSTEMS INFORMATION** | § | |
| **TECHNOLOGY, INC.** | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THIRD MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE

BEFORE THE COURT are Defendant BAE Systems Information Technology, Inc.'s third Motion to Dismiss, or in the Alternative, for Summary Judgment [39, 41] and Motion to Strike Rebuttal [47]. *Pro se* Plaintiff Patricia Kennedy filed this action under Title VII, Section 1981, and state law for alleged retaliatory termination. BAE argues (1) she agreed to the termination, (2) her retaliation claim is untimely, (3) she fails to state a misrepresentation claim, (4) her intentional infliction of emotional distress claim is untimely, and (5) she cannot prove her intentional infliction of emotional distress claim. The Court has considered the parties' submissions and the relevant legal authority. The intentional infliction of emotional distress claim is dismissed. The remainder of the motions is denied.

## FACTS AND PROCEDURAL HISTORY

According to the Complaint, Kennedy was employed by BAE as a computer trainer from 1978 to 2006. Her job was to train the United States Air Force at Keesler Air Force Base in Biloxi, Mississippi.

In January of 2006, she filed a charge of racial discrimination with the Equal Employment Opportunity Commission.  She alleged that BAE failed to promote and train her because of her race.  In March, she added a retaliation charge, claiming that her supervisor was not promoting her because of an even earlier charge of racism.  That earlier charge was a failure to give a pay raise because of her race.  After the EEOC found reasonable cause, she and BAE settled her claims in August of 2006.  She alleges her signature on the Settlement Agreement became effective on August 2, 2006, and BAE did not sign the Agreement until August 7.

She alleges that in retaliation for the 2006 EEOC claims, BAE misrepresented the settlement agreement to her and thereby forced her to resign, retroactively to June 9, 2006.  She appears to allege that the forced resignation happened as a result of a post-agreement modification occurring after she had already signed the Agreement.  For this alleged retaliation, she filed another EEOC charge on January 30, 2007.  On September 30, 2008, the EEOC found reasonable cause.  The EEOC issued a Notice of Right to Sue on January 6, 2009.  She brings claims of retaliation under Title VII and Section 1981.  She also asserts state law claims for misrepresentation and infliction of emotional distress.[1]

## DISCUSSION

<u>Motion to Dismiss</u>

---

[1]Like many pro se pleadings the complaint is not artfully drawn and the claims are difficult to follow.  Thus the Court must ready them is a liberal fashion and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *See Rodrigues v. Holmes,* 963 F.2d 799 (5th Cir. 1992).

To survive a Rule 12(b)(6) motion to dismiss, Kennedy must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The Court must view the facts in favor of the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

## I.     RETALIATION

BAE argues that the retaliation claims are untimely and the Complaint fails to state retaliation claims.

### A.     TIMELINESS

BAE first argues that the retaliation claims are untimely because the pertinent EEOC Charge was filed more than 180 days after Kennedy signed the Agreement. She does not address this argument but rather insists that her Complaint is timely because it was filed within 90 days of the Notice of Right to Sue.

Kennedy expressly brought her retaliation claims under both Title VII and 42

U.S.C. § 1981.  Like Title VII, Section 1981 encompasses claims of retaliation.  *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008).  "[T]he remedies available under Title VII and under § 1981, although related, and . . . directed to most of the same ends, are separate, distinct, and independent."  *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 461 (1975).  "Title VII provides important administrative remedies and other benefits that § 1981 lacks."  *CBOCS*, 553 U.S. at 455.

Title VII requires that a charge be filed with the EEOC within 180 days of the discriminatory conduct.  42 U.S.C. § 2000e-5(e)(1).  If the individual does not do so, her claim will be considered time-barred, and she "may not challenge that practice in court."  *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 623-24 (2007).  The date on which the 180 days begins to run is the date of notice of the adverse action, not the date that the action takes effect.  *Clark v. Resistoflex Co., Div. of Unidynamics Corp.*, 854 F.2d 762, 765 (5th Cir. 1988) (date of notice of termination).  "Determination of when notice has been communicated to an employee is based upon an objective standard, focusing upon when the employee knew, or reasonably should have known, that the adverse employment decision had been made."  *Id*.  In this case, that date is August 7, 2006.  Reading the Complaint in the light most favorable to Kennedy, she alleges that by this date, BAE had waited until after she could not revoke her signature and then added an additional term, that her resignation be retroactive to June 9, 2006.  Therefore, she had until Monday, February 5, 2007, to file her EEOC charge.  She filed on January 30.  On the face of the Complaint, the Title VII

4

retaliation claim is timely.

On the other hand, a Section 1981 claim "is not constrained by the administrative prerequisites [applicable to] Title VII claims." *Walker v. Thompson*, 214 F.3d 615, 325 (5th Cir. 2000) (overruled on other grounds).  Kennedy was not required to file the Section 1981 claim before the EEOC.  Therefore, this retaliation claim is not time-barred either.

### B.  FAILURE TO STATE A CLAIM

BAE next argues that Kennedy knowingly and voluntarily assented to resignation as a term of her settlement, because it is clearly set forth in the Agreement. Kennedy alleges, however, that she did not knowingly and voluntarily agree to the retroactive resignation and alleges that BAE inserted this condition after she had already signed the Agreement.  At this stage, the Court must accept the allegations as true.  The allegations sufficiently state a claim for retaliation.

### II.  FRAUD

BAE next seeks to dismiss the fraud claim for failure to plead it with particularity in accordance with Federal Rule of Civil Procedure 9 because the Complaint fails to identify the representation, its falsity and materiality, the speaker, that the speaker knew it was false when made and knew Kennedy would rely upon it, that she reasonably did so.

Rule 9 requires that fraud claims "state with particularity the circumstances constituting the fraud."  Fed. R. Civ. P. 9(b).  "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Shandong Yinguang Chem. Indus. Joint*

*Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (quoting *Benchmark Elecs., Inc.*

*v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)).

The Complaint alleges, "The Settlement Agreement in August 2006 was misrepresented to Plaintiff regarding her employment with Defendant, and Plaintiff unknowingly agreed to a full resignation of her employment with Defendant." (Compl. at 3-4 (¶7)).  Attached to the Complaint is the EEOC determination which alleges that after she signed the Agreement, BAE's:

> representative did not sign this agreement until August 7, 2006. Respondent then terminated Charging Party's employment, retroactive to June 9, 2006. . . .  As a condition of resolving Charging Party's promotion discrimination allegation, Respondent insisted that Charging Party permit Respondent to take post-agreement action to modify her employment record to reflect that she had been terminated as of June 9, 2006.

(Compl. Ex. D at 2).  She alleges that BAE's representation was that the settlement agreement would not contain the retroactivity condition.  The representation was false, because the condition was allegedly placed there after her signature was obtained and the time for revocation had lapsed.  The speaker was BAE's representative in the settlement negotiations.  The Complaint refers to this as a "forced" and "unknowing" resignation which indicates that the misrepresentation was material and she relied upon it.

Finally, BAE argues that she could not have reasonably relied upon it as a matter of law, because her misunderstanding is contradicted by the plain language of the agreement, which BAE insists she signed.  This ignores her allegations that the agreement she signed omitted that condition altogether and that condition was not

placed in until after her signature.  The Complaint sufficiently pleads a fraud claim.

III.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

BAE argues that the intentional infliction of emotional distress claim is untimely and, in the alternative, is not plead sufficiently.

In Mississippi, the statute of limitations for intentional infliction of emotional distress is one year.  *Citi Fin. Mortg. Co. v. Washington*, 967 So. 2d 16, 19 (¶6) (Miss. 2007).  "As a continuing tort, the statute of limitations does not begin to run until the date of the last injury."  *Pierce v. Cook*, 992 So. 2d 612, 618 (¶21) (Miss. 2008).

> A "continuing tort" is one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action.  A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continuing ill effects from an original violation.

*Id.* at 619 (¶25).

For example, in *Pierce*, an ex-husband sued his ex-wife's lover for alienation of affection and intentional infliction of emotional distress.  *Id.* at 615 (¶¶1-2).  There was evidence of repeated acts of harassment beyond the disclosing of the affair itself.  *Id.* at 619-20 (¶26).  For example, Defendant took the ex-wife on a trip to New Orleans, the couple flaunted their affair in front of the Plaintiff at a restaurant in Jackson, and there were tape recordings of other acts of verbal harassment.  *Id.*  Therefore, the Mississippi Supreme Court held that the limitations did not run on the intentional infliction claim until the date of the last such act.  *Id.* at 620 (¶26).

The Complaint alleges no separate acts of intentional infliction of emotional distress past 2006.  Since the Complaint was not filed until 2009, it is untimely.  BAE

is entitled to dismissal of the intentional infliction of emotional distress claim.

MOTION FOR SUMMARY JUDGMENT

BAE alternatively seeks summary judgment, arguing that Kennedy signed the Agreement with the assistance of counsel and therefore agreed to the retroactive resignation. BAE does not address her allegation that the Agreement was modified after she signed it. Therefore, BAE has not shown it is entitled to judgment as a matter of law on this claim.

MOTION TO STRIKE

Kennedy filed a Sur-Rebuttal, which BAE asks the Court to strike. Since the Court did not rely on the Sur-Rebuttal in denying BAE's motions, this motion is moot.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above Defendant BAE Systems Information Technology, Inc.'s third Motion to Dismiss [39] should be and is hereby **GRANTED** as to the intentional infliction of emotional distress claim. The remainder is **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that BAE's third Motion for Summary Judgment [41] should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that BAE's Motion to Strike Rebuttal [47] should be and is hereby **DENIED AS MOOT.**

**SO ORDERED AND ADJUDGED** this the 6th day of December, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

8